UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:07-CV-0175-R

INVESCO INSTITUTIONAL (N.A.), INC.                                    PLAINTIFF

v.

STEPHEN M. JOHNSON,
JAMES F. GUENTHER,
KENNETH R. BOWLING,
and RANDY G. PAAS                                                    DEFENDANTS

MEMORANDUM OPINION AND ORDER

I.

This matter comes before the Court on Plaintiff's Motion to Amend Complaint (Docket #223). Defendants have responded (Docket #238), and Plaintiff has replied (Docket #240). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion is GRANTED.

BACKGROUND

Plaintiff is a global financial services firm with operations in the Louisville, Kentucky area. The Worldwide Fixed Income Group ("WFI") is a group within Plaintiff focused on the management of fixed income investments. Defendants are former high-level employees of Plaintiff's. This matter arises out of an alleged secret scheme between the Defendants and one of Plaintiff's competitors, Deutsche Investment Management Americas Incorporated ("Deutsche"), to effect a surprise mass defection of Plaintiff's Louisville-based WFI to Deutsche.

Plaintiff contends, among other allegations, that Defendants have disclosed trade secret and other confidential information to Deutsche about the WFI and Plaintiff's IT systems.

Specifically, Plaintiff alleges that Defendants disclosed information about Plaintiff's software known as Q-Tech.  Plaintiff states that Q-Tech was developed to implement Plaintiff's distinctive investment process and consists of a suite of software applications that are proprietary to Plaintiff.

Plaintiff seeks leave to file a Second Amended Complaint to add additional facts learned during discovery to support its claims, and to add Austin Mayberry and Richard Robben as defendants.  Plaintiff alleges that Mayberry and Robben have been involved in misappropriating Plaintiff's trade secrets, and are now using them at Deutsche to unfairly compete with Plaintiff.

STANDARDS

Leave to amend a complaint after a response has been filed is governed by Federal Rule of Civil Procedure 15(a).  Because Plaintiff's motion was filed after the April 1, 2008, deadline set by the Court's Scheduling Order (Docket #199), however, Plaintiff must first show good cause under Federal Rule of Civil Procedure 16(b) before the Court can consider whether amendment is proper under Rule 15(a).  *Leary v. Daeschner*, 349 F.3d 888, 908 (6th Cir. 2003); *see also Brainard v. American Skandla Life Assurance Corp.*, 432 F.3d 655, 666 (6th Cir. 2005) (indicating that when seeking to add a new party after the deadline for doing so has passed, the moving party must show good cause pursuant to Rule 16(b)).

Rule 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent."  "[A] court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16, 1983 advisory committee notes).  "The primary measure of Rule 16's 'good cause' standard is the moving

2

party's diligence in attempting to meet the case management order's requirements. . . . Another relevant consideration is possible prejudice to the party opposing the modification." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal citations and quotations omitted).

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (citations and quotation omitted).

DISCUSSION

Plaintiff states that it has been working diligently, but that Defendants "have engaged in tactics that have delayed the completion of fact discovery." Specifically, Plaintiff states that it was "stymied in its efforts" to complete its depositions of Defendants when they unexpectedly announced that they were considering waving the attorney client-privilege. This, according to Plaintiff, prevented it from taking these depositions until last month.

Plaintiff also claims that it had to suspend certain depositions because of Deutsche's failure to produce documents. On August 18, 2008, Deutsche produced over 40,000 pages of documents, which included e-mail correspondence of Mayberry and Robben's. Plaintiff states

3

that over the last four or five months it has started to uncover more information related to Defendants' alleged scheme, as well as evidence to support Mayberry amd Robben's involvement.  Plaintiff claims that Defendants, Mayberry and Robben are actively misappropriating Plaintiff's trade secrets and using them at Deutsche to unfairly compete with Plaintiff, in breach of their fiduciary, contractual and other duties.  Plaintiff states that only a truncated deposition of Mayberry has been possible to date, and that depositions of Defendants are scheduled for October 2008.

Defendants argue that Plaintiff has not demonstrated the diligence required of the moving party to show good cause under Rule 16(b).  Defendants state that Plaintiff's primary argument in support of its motion to amend centers upon discovery disputes with Deutsche, which is not at present a party to this litigation.  Defendants also claim that they will suffer prejudice if the scheduling order is amended because an amendment will prejudice their ability to reach a just and efficient resolution to this dispute.  Defendants contend that the claims against them relate solely to their pre-Deutsche conduct, and so they are at risk of guilt by association or juror confusion over their roles if Mayberry and Robben are added as defendants.

The Court finds that Plaintiff has shown good cause to amend the complaint.  Plaintiff has been diligent in attempting to meet the Court's scheduling order.  This is a complex matter involving intensive discovery, and Plaintiff has been diligently gathering and digesting evidence to support its claims.  Due to delays in discovery that were not its fault, Plaintiff only recently discovered the additional facts it now requests to be added to its Complaint, and only recently found evidence supporting the involvement of Mayberry and Robbens.  Further, the Court finds that Defendants will not be prejudiced by allowing Plaintiff to file a Second Amended

4

Complaint.  Discovery is ongoing and the proposed amended complaint does not add any new cause of action.  Also, the Court does not believe that Defendants will be prejudiced by the risk of guilt by association if Mayberry and Robbens added as defendants; the claims against them are closely related to the claims against Defendants.

Defendants argue that even if the Court finds good cause to modify the scheduling order, denial of leave to amend is appropriate because Plaintiff's proposed amendments are futile. Defendants argue that if Mayberry and Robbens are added as defendants, then Deutsche must be added as a defendant, and then the case would have to be dismissed because joining Deutsche would destroy the Court's subject matter jurisdiction since both Plaintiff and Deutsche are incorporated under the laws of Delaware.

"Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir.1980)).  Joining Mayberry and Robbens does not destroy subject matter jurisdiction. Whether their addition as defendants may require Deutsche to be joined as a defendant which may then require the matter to be dismissed for lack of subject matter jurisdiction is a separate inquiry.  At this stage, the Court must determine whether there are any reasons to justify denial of leave to amend.

Persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  A "court may

at any time, on just terms, add . . . a party." Fed. R. Civ. P. 21.  Plaintiff states that its claims

against Mayberry and Robben are all a part of, and arising from, its claims against Defendants.

Plaintiff also states that its claims for trade secrets violation, unfair competition, and breaches of

duty have questions of law and fact common to the Defendants, Mayberry and Robben.  Plaintiff

claims that Defendants, Mayberry and Robben are all former employees, all are breaching their

duties to Plaintiff, and all are working together to replicate the investment process and

technology systems that are proprietary to Plaintiff.

　　　　The Court does not find any factors justifying denial of amendment.  Plaintiff has not

engaged in undue delay, nor has the Court found any bad faith or dilatory motive on the part of

the Plaintiff, and as discussed Defendants are not prejudiced by the amendment.  The Court finds

that justice requires that Plaintiff be permitted to amend its complaint.  Amending the complaint

to add Mayberry and Robbens is not futile, and Plaintiff has demonstrated that the requirements

of Rule 20 are satisfied.  Justice also requires allowing Plaintiff to amend the complaint to add

the additional facts learned during discovery to support its claims.

## II.

　　　　In their response Defendants argue that Plaintiff's proposed amended complaint directly

impacts Deutsche and requires its joinder pursuant to Rule 19.  At the conference held on

October 15, 2008, the parties stated that they have fully briefed the issue of whether Deutsche is

a required party pursuant to Rule 19, and are interested in the Court deciding the issue based on

the arguments included in Defendants' Response and Conditional Objection to Plaintiff's Motion

to Amend Complaint (Docket #238) and Plaintiff's reply (Docket #240).  For the reasons that

follow, the Court finds that the briefs are insufficient for the Court to determine whether

Deutsche is a required party.

STANDARD

Federal Rule of Civil Procedure 19 "establishes guidelines for determining when it is proper to dismiss a case because a person or entity has an interest in the outcome of the litigation that could be impaired in the absence of that person or entity, but joinder of the person or entity will deprive the court of subject matter jurisdiction." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004). Rule 19 should be applied pragmatically because "the essence" of the rule "is to balance the rights of all those whose interests are involved in the action." *Id.* at 665 (citation and internal quotations omitted).

"Assessing whether joinder is proper under Rule 19 is a three-step process. First, the court must determine whether the person or entity is a necessary party under Rule 19(a)." *Id.* at 666 (internal citations omitted). Rule 19(a) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." *Glancy*, 373 F.3d at 666 (citations omitted). "Third, if joinder is not feasible because it will

7

eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should 'in equity and good conscience' dismiss the case because the absentee is indispensable." *Id.* (quoting Fed. R. Civ. P. 19(b)).  The Rule 19(b) factors include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> >   (A) protective provisions in the judgment;
> >   (B) shaping the relief; or
> >   (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

"Thus, a person or entity 'is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) its joinder cannot be effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee.'" *Glancy*, 373 F.3d at 666 (citation omitted).

## DISCUSSION

Defendants argue that to determine whether Deutsche is a necessary party, step one of the Rule 19 analysis, the Court should apply subsection (B) of Rule 19(a)(1).  Subsection (B), however, only applies when the non-joined party "claims an interest relating to the subject of the action."  Fed. R. Civ. P. 19(a)(1)(B).  Defendants cannot claim this interest on behalf of Deutsche.  Defendants could argue that Deutsche is a necessary party because in its absence the Court could not "accord complete relief among existing parties," pursuant to subsection (A) of Rule 19(a)(1), but they have not done so.

8

The question of whether Deutsche is an indispensable party is not properly before the Court.  Therefore, the Court believes it is inappropriate to determine whether Deutsche is an indispensable party at this time.  Defendants may file a motion pursuant to Rule 19(a)(1)(A), or Deutsche may file a motion pursuant to Rule 19(a)(1)(B).

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint is GRANTED.