UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:07-CV-0175-R

INVESCO INSTITUTIONAL (N.A.), INC.                                      PLAINTIFF

v.

RANDY G. PAAS, et al.                                                   DEFENDANTS

### MEMORANDUM OPINION AND ORDER

The matter before this Court arises pursuant to Defendants Randy G. Pass, Stephen M. Johnson, James F. Guenther and Kenneth R. Bowling's Bill of Costs (DN 285). Plaintiff objected and requested costs for bringing the objection (DN 286). Defendants Pass, Johnson, Guenther and Bowling responded (DN 287). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Bill of Costs is DENIED and Plaintiff's demand for costs is DENIED.

### BACKGROUND

Plaintiff INVESCO is a global financial services firm with operations in the Louisville, Kentucky area. The Worldwide Fixed Income Group ("WFI") is a group within INVESCO focused on the management of fixed income investments. Defendants Pass, Johnson, Guenther and Bowling ("GP Defendants") are former INVESCO employees. This matter arose out of an alleged secret scheme between the Defendants and one of Plaintiff's competitors, non-party Deutsche Bank Advisors ("DB"), to effect a surprise mass defection of Plaintiff's Louisville-based WFI to DB.

Plaintiff claimed that Defendants disclosed trade secret and other confidential information to DB about the WFI and Plaintiff's IT systems. Specifically, Plaintiff alleged that

Defendants disclosed information about Plaintiff's software known as Q-Tech.  In its First Amended Complaint filed March 3, 2007, Plaintiff alleged that GP Defendants were liable for breach of contract, trade secret violation, inevitable disclosure, breach of duty, unfair competition and conspiracy.

On April 20, 2007, Plaintiff moved for a preliminary injunction prohibiting the GP Defendants "from (1) working for Deutsche Investment Management Americas, Inc.; (2) disclosing or using INVESCO's trade secrets and other confidential and proprietary information; (3) pirating INVESCO employees in violation of their employment agreements; and (4) soliciting INVESCO's customers."  GP Defendants also moved for a preliminary injunction.  In their motion for preliminary injunction, GP Defendants argued that Plaintiff should be enjoined from prohibiting them from working and performing their job responsibilities.  In the alternative, they requested Plaintiff be enjoined from enforcing the 12-month notice provision of their employment agreement.

The Court found that it was more likely than not Defendants breached their common law and contractual fiduciary duties to INVESCO.  On the other hand, the Court found that INVESCO did not have a strong likelihood of succeeding on the merits of its inevitable disclosure claim, and there was a substantial likelihood INVESCO breached the Defendants' employment agreement.  Therefore, the Court granted Plaintiff's motion in part and GP Defendants' motion in part, enjoining GP Defendants, for a limited period of time, from leaving the employ of Plaintiff, from generally disclosing or using any of INVESCO's trade secret and/or confidential information, from soliciting or hiring any INVESCO employees, and from soliciting certain business relationships.

On August 29, 2008, Plaintiff filed a motion for leave to file a Second Amended Complaint to add additional facts learned during discovery to support its claims, and to add Austin Mayberry and Richard Robben as defendants.  In support of its motion, Plaintiff stated that it had recently uncovered more information related to Defendants' alleged scheme, as well as evidence to support Mayberry and Robben's involvement.  Plaintiff argued that amendment of the complaint was proper because the GP Defendants, Mayberry and Robben were all former employees, were all breaching their duties to Plaintiff, and were all working together to replicate the investment process and technology systems that are proprietary to Plaintiff.

The GP Defendants opposed amending the complaint and argued that Plaintiff did not satisfy the requirements set forth by Federal Rules of Civil Procedure 16(b) or 15(a)(2).  They also argued that amendment was not appropriate because it was futile, reasoning that amendment required DB to be added as a defendant, which would result in dismissal because joining Deutsche would destroy the Court's subject matter jurisdiction since both Plaintiff and Deutsche are incorporated under the laws of Delaware.  On October 22, 2008, this Court granted Plaintiff's motion to file a Second Amended Complaint.

On October 24, 2008, the GP Defendants filed a motion to dismiss and non-party DB filed a motion to intervene, to be declared an indispensable party, and to dismiss.  On November 7, 2008, the Court dismissed the case because it found that DB was an indispensable party, denying GP Defendants' motion, but granting DB's motion.  On November 11, Plaintiff moved to amend a similar lawsuit pending in the Supreme Court of New York to add the GP Defendants, Mayberry and Robben as parties.  This motion was granted on December 18, 2008.

GP Defendants filed a Bill of Costs in this Court on December 8, 2008.  Plaintiff filed a

memorandum in opposition, arguing that the GP Defendants are not prevailing parties due costs pursuant to Federal Rule of Civil Procedure 54(d).  GP Defendants argue that their Bill of Costs is justified by 28 U.S.C. § 1919.  Additionally, they argue that "the GP Defendants' success on their motion for preliminary injunction also justifies an award of costs pursuant to Fed. R. Civ. P. 54(d)."

DISCUSSION

A.      *Costs Pursuant to 28 U.S.C. § 1919*

Title 28 of the U.S. Code provides that "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs."  28 U.S.C. § 1919.  The Sixth Circuit has treated awards pursuant to § 1919 as a form of monetary sanctions.  *See Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 938 (6th Cir. 2002).

GP Defendants argue that because Plaintiff chose to litigate two separate matters, one in this Court against GP Defendants and one in New York against DB, and then amend its Kentucky complaint in such a way that this Court determined DB was an indispensable party, it would be "eminently fair" to order Plaintiff to pay GP Defendants' taxable costs.  The Court disagrees.  Litigating similar matters in two forums was within Plaintiff's discretion.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Though Plaintiff's decision to amend its complaint led to dismissal after DB moved to intervene, this does not justify sanctioning Plaintiff.  The Court finds that Plaintiff has taken no action that would justify an order for it to pay GP Defendant's costs.

B.      *Costs Pursuant to Rule 54(d)*

Federal Rule of Civil Procedure 54(d) "provides that the losing party should pay the

4

prevailing' party's costs." *Andretti v. Boria Performance Indus.*, 426 F.3d 824, 835 (6th Cir. 2005). GP Defendants argue that because the Court's preliminary injunction allowed them to begin working for DB four months after giving notice, instead of twelve months, they are "prevailing parties" for purposes of Rule 54(d).

The Sixth Circuit recognizes that party is a prevailing party "when he receives 'at least some relief on the merits of his claim.'"*Andretti*, 426 F.3d at 835 (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001)). Additionally, "for a party to be 'prevailing' there must be a 'judicially sanctioned change in the legal relationship of the parties.'" *Id.* (quoting *Buckhannon*, 532 U.S. at 605). To support their assertion that they are prevailing parties, GP Defendants cite *Dubuc v. Green Oak Township*, 312 F.3d 736 (6th Cir. 2002). There, in the context of awarding interim attorney fees pursuant to 42 U.S.C. § 1988 in a civil rights case, the Sixth Circuit stated that a plaintiff is "a prevailing party" "if the preliminary injunction represents 'an unambiguous indication of probable success on the merits, and not merely a maintenance of the status quo ordered because the balance of equities greatly favors the plaintiff.'" *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 752 (6th Cir. 2002) (quoting *Webster v. Sowders*, 846 F.2d 1032, 1036 (6th Cir. 1988)).

The preliminary injunction explicitly balanced the Court's findings of a likelihood of success on Plaintiff's claim of breach of fiduciary duty and a likelihood of success on Defendants' claim for subsequent breach of contract by INVESCO. Defendants were no more victorious than Plaintiff; if Defendants are prevailing parties, then Plaintiff is a prevailing party. "A district court has the discretion to refuse to award costs to the prevailing party when 'it would be inequitable under all the circumstances in the case' to do so." *Andretti*, 426 F.3d at 836. A

5

district court does not abuse its discretion "in cases that are close and difficult." This was a complicated matter. With respect to the preliminary injunction, the Court does not consider either party "prevailing." Even if one of the parties could be considered prevailing, however, the Court finds it would be inequitable under all the circumstances in the case to award costs to either party.

C.      *Plaintiff's Demand for Costs of Opposing the Bill of Costs*

Finally, Plaintiff argues that it is entitled to costs, including attorney's fees, in opposing the Bill of Costs "because the GP Defendants knew that their Bill of Costs was utterly meritless, but decided to file it anyway" "to vex and harass" Plaintiff. The Court does not find that the Bill of Costs was filed in bad faith, and therefore finds that an award of costs to Plaintiff would be inappropriate.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Bill of Costs is DENIED and Plaintiff's demand for costs is DENIED.